IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                            )<br>           Plaintiff,                         )<br>                                                            )<br> vs.                                              )           Cr. No.  19-3333 WJ<br>                                                            )<br>**MALCOLM TORRES**,                )<br>                                                            )<br>           Defendant.                     )  | |

UNITED STATES' MOTION *IN LIMINE* TO PROHIBIT
DISCUSSION OF SENTENCING OR PUNISHMENT AT TRIAL

The United States requests this Court enter an order prohibiting defense counsel from mentioning to the jury, on direct or cross-examination or in argument, any potential sentence available to the Court under either the United States Code or the United States Federal Sentencing Guidelines.  In support of this motion, the United States submits as follows:

In a four-count indictment, the Defendant is charged with first degree felony murder, in violation of 18 U.S.C. §§ 1152 and 1111(a), second degree murder, also in violation of 18 U.S.C. §§ 1152 and 1111(a), assault resulting in serious bodily injury of a child under 18, in violation of 18 U.S.C. §§ 1152 and 113(a)(6), and tampering with a witness, victim, or informant, in violation of 18 U.S.C. § 1512(c)(2).   Doc. 89.  Trial in this matter is currently set for May 2023.

The Defendant is facing a mandatory life sentence if he is convicted at trial of count 1, a mandatory minimum of thirty years and a maximum of life for count 2, a mandatory minimum of 10 years and maximum of life for count 3, and up to 20 years for count 4.   By way of this motion, the United States requests that the Court prohibit the Defendant from directly mentioning or alluding to any of these potential sentences in the presence of the jury.

LEGAL ARGUMENT

To allow a jury to consider defendant's punishment when deliberating is an invitation for jury nullification, as the jury would consider something other than the evidence in a case when determining guilt or innocence. The Tenth Circuit has held that there is no right to jury nullification. *Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999) (citing *United States v. Thomas*, 116 F.3d 606, 615 (2nd Cir. 1997) (*overruled on other grounds*) (observing that "the power of juries to 'nullify' or exercise a power of lenity is just that-- a power; it is by no means a right or something that a judge should encourage or permit if it is within his authority to prevent.")); see also *United States v. Greer*, 620 F.2d 1383, 1384 (10th Cir. 1980) (noting "[t]he authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial. Breach of this standard has often been grounds for reversal.").

The Tenth Circuit has thus fashioned a bright line rule that "[u]nless a statute specifically requires jury participation in determining punishment, the jury shall not be informed of the possible penalties." *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991) (*overruled on other grounds*); see also *Greer*, 620 F.2d at 1385 (noting that absent a statutory requirement that the jury determine punishment, "nothing is left 'for jury determination beyond the guilt or innocence of an accused.'") (quoting *Chapman v. United States*, 443 F.2d 917, 920 (10th Cir. 1971)).

Other circuits have ruled similarly. For example, in *United States v. Johnson*, 62 F.3d 849, 850-51 (6th Cir. 1995), the district court declined a defendant's request to inform the jury regarding the defendant's punishment. In affirming, the circuit court reasoned:

> When a jury has no sentencing role, providing sentencing information invites jurors to ponder matters that are not within their province, distracts them from their fact-finding responsibilities, and creates a strong possibility of confusion. (citation

>omitted). Indeed, the only possible purpose that would be served by informing jurors of the mandatory sentence would be to invite jury nullification of the law.

The court in *Johnson* also stated: "[t]he jury is to find guilt or innocence on the basis of the legal standards set out in the Judge's charge, and the consequence in terms of punishment is a matter for Congress on mandatory sentences or for the Court within limits fixed by the statute." *Id.* at 850 (quoting *United States v. Del Toro*, 426 F.2d 181, 184 (5th Cir. 1970)); see also *United States v. Meredith*, 824 F.2d 1418, 1429 (4th Cir. 1987) (noting "[t]he jury must reach its verdict without considering possible sentences"); *United States v. Trujillo*, 714, F.2d 102, 106 (11th Cir. 1983) (holding that defense counsel may not argue jury nullification during closing argument); *United States v. O'Brien*, 609 F.2d 895, 897 (8th Cir. 1979) (observing "[t]he matter of assessing penalty is exclusively within the province of the court, and the jury's sole purpose is to determine the facts and thereby the guilt or innocence of the defendant"); *United States v. Davidson*, 367 F.2d 60, 63 (6th Cir. 1966) (noting that "[i]t is axiomatic that it is the exclusive function of juries to determine whether defendants are guilty or not guilty, and of the court to determine matters of punishment."). The law on this issue is well-settled, and it squarely forecloses any discussion of the Defendant's penalties at trial.

Allowing the Defendant to inject such argument would contradict the jury instructions regularly given by this Court. Tenth Circuit Pattern Jury Instruction 1.04 states that it is the jury's duty is "to base [its] verdict solely upon the evidence, without prejudice or sympathy." Similarly, Instruction 1.20 instructs the jury that "[i]f [it] find[s] the defendant guilty, it will be [the Court's] duty to decide what the punishment will be. [It] should not discuss or consider the possible punishment in any way while deciding [its] verdict." Such comments have no place in a trial where the guilt or innocence of Defendant is decided solely on the evidence at trial.

Moreover, defense comments warning a jury against "taking away defendant's freedom," "sending him to jail," "taking him away from his family," or any statement, subtle or not, regarding a possible loss of liberty should likewise be prohibited. Asserting such argument serves only to invite the jury to speculate as to what sentence might be imposed should they return a verdict of guilty and can only be intended to arouse the jury's sympathy or prejudice. *Rogers v. United States*, 422 U.S. 35, 40 (1975) ("[T]he jury had no sentencing function and should reach its verdict without regard to what sentence might be imposed.").

## CONCLUSION

For the reasons explained above, the United States requests that this Court issue an order prohibiting the Defendant and his counsel from arguing sentencing-related issues to the jury. Such issues include the potential penalties under both the relevant provisions of the United States Code and the United States Sentencing Guidelines.

Respectfully submitted,

ALEX M.M. UBALLEZ
United States Attorney

*Electronically filed on 12/06/22*
JACK E. BURKHEAD
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 224-1419

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court using
the CM/ECF system, which will cause a copy of
this filing to be sent to counsel for Defendant.

/s/
Jack E. Burkhead
Assistant United States Attorney