IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| v. | § § | No.  CR 1:19-03333-001 WJ |
| MALCOM TORRES, | § § § | |
| Defendant. | § | |

**Mr. Torres' reply to the government's response to his motion to strike the sentencing enhancements under 18 U.S.C. § 3559(f) in counts 2 and 3 of the indictment (Doc. 105)**

Malcolm Torres, by and through undersigned counsel Aric G. Elsenheimer and Buck Glanz, submits this reply to the government's response (Doc. 105) to his motion to strike the sentencing enhancement provisions in counts two and three of the indictment.

The government does not appear to address Mr. Torres' motion to strike the sentencing enhancement in count 3 of the indictment and appears to implicitly concede that Mr. Torres is correct that assault resulting in serious bodily injury is no longer a crime of violence. Based on clear Tenth Circuit

authority, Mr. Torres asks this Court to strike the sentencing enhancement in Count 3. *See Toki*, 23 F.4th at 1281 ("We therefore hold that, after *Borden*, an offense that can be committed recklessly is not categorically a 'crime of violence' under § 924(c)'s elements clause. To the extent that our decision in *Mann* held to the contrary, it is overruled by *Borden*.").

The government's response focuses almost exclusively on Mr. Torres' argument that second degree murder is no longer a crime of violence after the Supreme Court's decision in *Borden v. United States*, 141 S.Ct. 1817 (2021). The government first argues that "[d]epraved-heart murder requires more than the ordinary recklessness addressed in *Borden*" and that this level of "recklessness" can "fairly be assimilated to purpose or knowledge." (Doc. 105 at 9-10).

A conviction for second degree murder under 18 U.S.C. 1111(a) does not require proof that the defendant consciously "directed his action at, or targeted, another individual" as required to qualify as a crime of violence. *Borden*, 141 S.Ct. at 1825. Instead, second degree murder requires only proof that the defendant's conduct was "reckless and wanton" in that it was a "gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that the defendant was aware of a serious risk of death or serious bodily harm."

*United States v. Serawop*, 410 F.3d 656, 663 n.4 (10th Cir. 2005). Although the Tenth Circuit has observed that "reckless conduct, in the criminal context, is considered a form of intentional conduct" that observation is drawn from the "conscious acceptance of a known, serious risk." *Id.* The Supreme Court's decision in *Borden* requires more than that and demands proof of the conscious targeting of an individual.

This conscious disregard of a "known, serious risk" mirrors the Court's example in *Borden* of a reckless driver who, late to work "decides to run a red light" and hits a pedestrian "whom he did not see." That driver did not direct "force at another" and has thus not "used force 'against' another person in the targeted way that the [force] clause requires." *Id.* at 1827.

The government tries to bootstrap "recklessness" into the knowledge or purpose required by the force clause by arguing, based on the Model Penal Code, that "recklessness that can fairly be assimilated to purpose or knowledge should be treated as murder." But this is merely a reformulation of the Tenth Circuit's observation in *Serawop* that reckless conduct is only considered as a form of intentional conduct because of the "conscious acceptance of a known, serious risk" involved. 410 F.3d at 663 n.4. That does not mean, however, that the

"recklessness" required to sustain a conviction for second degree murder requires the use of force against "another person in the targeted way that the clause requires." *Borden*, 141 S.Ct. at 1827.

The government then argues that the recklessness required to sustain a conviction for second degree murder is akin to the recklessness exhibited by one who "shoots a gun into a crowded room" or who, while driving toward a crosswalk crowded with pedestrians continues to drive at full speed at those pedestrians. (Doc. 105 at 11). Both of those situations involve more than a conscious disregard of a known and serious risk. Rather, they involve knowledge of the consequences of one's conduct. *See Borden*, 141 S.Ct. at 1826-27 ("Say a getaway driver sees a pedestrian in his path but plows ahead anyway, knowing the car will run him over. That driver, too, fits within the statute: Although he would prefer a clear road, he too drives his car straight at a known victim."). While both of these situations may trigger a charge of second-degree murder, other conduct, such as offenses involving driving under the influence of alcohol, also fall under the umbrella of second- degree murder. *See e.g., United States v. Antonio*, 936 F.3d 1117, 1126 (10th Cir. 2019) (conviction for second degree murder based from a homicide resulting from driving while intoxicated).

4

According to the Supreme Court, "The term 'crime of violence' in § 16(a) 'cannot be said naturally to include DUI offenses' – typically crimes of recklessness or negligence.'" *Borden* 141 S.Ct. at 1830 (quoting *Leocal v. Ashcroft*, 543 U.S. 1 (2004). The Supreme Court contrasted "'[t]he quintessential violent crimes,' like murder or rape'" with "drunk driving and other crimes of recklessness," which "though 'morally culpable,' do not fit within 'the ordinary meaning of the term 'violent' crime.'" *Id. (quoting Oyebanji v. Gonzales*, 418 F.3d 260, 264 (3rd Cir. 2005)).

Yet federal prison is full of inmates whose crime of conviction is second degree murder predicated on their driving while under the influence of alcohol. *See United States v. Fleming*, 739 F.2d 945 (4th Cir. 1984) (conviction for second degree depraved heart murder for driving drunk and speeding while driving the wrong way on a highway). The wide scope of the federal second-degree murder statute, and the fact that it covers conduct, such as DUI, that the Supreme Court has expressly stated is not included in the term "crime of violence" demonstrates that second degree murder is categorically not a crime of violence.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas Blvd., NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
(505) 346-2494 Fax
aric_elsenheimer@fd.org
buck_glanz@fd.org

 /s/ filed electronically January 3, 2023
ARIC G. ELSENHEIMER, AFPD
BUCK GLANZ, AFPD
Attorneys for Malcolm Torres

6