## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA,

     Plaintiff,

                                        No. 1:19-cr-3333-WJ

   v.

MALCOLM TORRES,

     Defendant,

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S RENEWED MOTION TO STRIKE SENTENCING ENHANCEMENT

**THIS MATTER** is before the Court on Defendant's Renewed Motion to Strike the Sentencing Enhancement under 18 U.S.C. § 3559(f)(1) in Count Two of the Second Superseding Indictment. Defendant contends the enhancement must be struck because federal second-degree murder is not a crime of violence under Section 3359(f)(1) after *Borden v. United States*, 141 S. Ct. 1817 (2021). The Court is not persuaded. In keeping with the reasoning of the United States Courts of Appeals for the Ninth, Eleventh, Fourth, and First Circuits, the Court concludes a crime that can be committed with extreme recklessness—here, second-degree murder in violation of 18 U.S.C. § 1111(a)—is a crime of violence under 18 U.S.C. § 16(a). Defendant's Motion (**Doc. 149**) is therefore **DENIED**.

## DISCUSSION

Count Two of the Second Superseding Indictment charges Defendant Malcolm Torres with second-degree murder in violation of Section 1111(a) and includes a § 3559(f)(1) sentencing enhancement.[1] Section 3559(f) establishes mandatory minimum terms of imprisonment for violent

---

[1] Defendant previously moved to strike the same sentencing enhancement from Count Two of the First Superseding Indictment. **Doc. 98.** The Court denied that motion as moot because it dismissed Count Two on other grounds. **Doc. 137.** Following this dismissal, the Government sought a Second Superseding Indictment, wherein

crimes against victims under the age of eighteen. The enhancement imposes a mandatory minimum of 30 years imprisonment if the violent crime is murder, and a mandatory life sentence if the circumstances satisfy any of the subparagraphs (A) through (D) or 18 U.S.C. § 3591(a)(2). For the enhancement to apply, the Defendant must be "convicted of a federal offense that is a crime of violence." § 3559(f)(1). The federal criminal code defines the term "crime of violence" as follows:

> **(a)** an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, **or**

> **(b)** any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. The first clause of § 16 is referred to as the "elements clause," and the second is referred to as "the residual clause." *Sessions v. Dimaya*, 138 S. Ct. 1204, 1211 (2018). The Supreme Court has held § 16's residual clause to be unconstitutionally vague. *Id.* at 1223. Because the residual clause is unconstitutional, an offense will only qualify as a crime of violence if it satisfies the elements clause of § 16(a).

To determine whether an offense satisfies the elements clause of § 16—thereby qualifying as a crime of violence—courts apply the categorical approach. *Dimaya*, 138 S. Ct. at 1211. Under the categorical approach, "the facts of a given case are irrelevant." *Borden v. United States*, 141 S. Ct. 1817, 1822 (2021). Instead, courts must focus "on whether the elements of the statute of conviction meet the federal standard." *Id.* Here, that means asking whether the offense of second-degree murder involves the "use, attempted use, or threatened use of physical force against the

---

Mr. Torres was again charged with second-degree murder—this time without reference to the New Mexico child abuse statute. The Government again opted to include the Section 3559(f) sentencing enhancement. Defendant then renewed his objection. ***See* Doc. 149**.

person or property of another." § 16(a). "An offense does not qualify as a 'violent felony' unless the *least* serious conduct it covers falls within the elements clause." *Id.* at 1832.

In *Borden*, a plurality of the Supreme Court, authored by Justice Kagan, held that offenses with a *mens rea* of recklessness do not qualify as "crimes of violence" under the elements clause of the Armed Career Criminal Act ("ACCA"). *Id.* at 1834. The ACCA's elements clause is very similar to the elements clause in § 16. The only difference between the two is that § 16's elements clause includes the phrase "physical force against the person or property of another," whereas the ACCA limits the scope to "physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i). Because of the similar statutory language, the Tenth Circuit has extended the Supreme Court's holding in *Borden* to apply to the elements clause of § 16. *United States v. Benally*, 19 F.4th 1250, 1258 (10th Cir. 2021). In other words, offenses that can be committed with a *mens rea* of recklessness are not crimes of violence under § 16(a).

Looking to the plain language of the ACCA, the *Borden* plurality concluded crimes with a *mens rea* of recklessness are not crimes of violence. The ACCA's elements clause defines a crime of violence as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). The plurality held, "The phrase 'against another,' when modifying the 'use of force,' demands that the perpetrator direct his action at, or target, another individual." *Borden*, 141 S.Ct. at 1825. Said differently, "[t]he 'against' phrase indeed sets out a *mens rea* requirement—of purposeful or knowing conduct." *Id.* at 1828. "Reckless conduct is not aimed in that prescribed manner." *Id.*

While the plurality explicitly found crimes requiring purposeful or knowing conduct could be classified as crimes of violence, it left open the question of whether crimes requiring extreme recklessness qualify. The plurality noted, "Some States recognize mental states (often called

'depraved heart' or 'extreme recklessness') between recklessness and knowledge." *Id.* at 1825 n.4. However, the plurality made clear it was not addressing "whether offenses with those mental states fall within the elements clause." *Id.* Justice Kavanaugh, in dissent, highlighted the limited scope of the plurality opinion: "today's decision should not be construed to express any view on the application of the use-of-force clause to crimes requiring a mental state of *extreme* recklessness." *Id.* at 1856 n.21 (original emphasis). Moreover, in Justice Kavanaugh's view, "crimes committed with extreme recklessness, such as depraved-heart murder, should obviously still qualify as [crimes of violence] under ACCA, even after today's decision." *Id.*

Defendant now raises the question the plurality left open in *Borden*: whether a crime that can be committed with extreme recklessness—here, second-degree murder—is a crime of violence. Second-degree murder under federal law requires "the unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111(a). The Tenth Circuit has held that "[s]econd-degree murder involves reckless and wanton disregard for human life that is extreme in nature." *United States v. Wood*, 207 F.3d 1222, 1229 (10th Cir. 2000).

Defendant contends that after *Borden* second-degree murder does not qualify as a crime of violence because an offense that can be committed with "reckless and wanton disregard for human life that is extreme in nature," *id.*, does not necessarily involve the "use, attempted use, or threated use of physical force against the person or property of another," 18 U.S.C. § 16(a). According to Defendant, recklessness—no matter how extreme—does not involve the use of force in the "targeted way" required by § 16(a). **Doc. 149 at 11** (quoting *Borden*, 141 S.Ct. at 1827).

The Court is not persuaded. In *Borden*, the plurality explained that extreme recklessness falls between recklessness and knowledge on the *mens rea* continuum—where "knowledge" provides sufficient *mens rea* for a crime of violence, and "recklessness" does not. *Borden*, 141 S.

Ct. at 1825 n.4. Thus, one way of looking at the question left unanswered by *Borden* is whether extreme recklessness is closer to recklessness or to knowledge. The plurality found "knowledge" exists where one "is aware that a result is *practically certain* to follow from his conduct," whereas "recklessness" exists where one "*consciously disregards* a substantial and unjustifiable risk." *Id.* at 1823–24 (emphasis added) (brackets and citations omitted). As the First Circuit has pointed out, recklessness "that can fairly be assimilated to purpose or knowledge should be treated as murder" whereas "less extreme recklessness should be punished as manslaughter." *United States v. Baez-Martinez*, 950 F.3d 119, 127 (1st Cir. 2020) (quoting Model Penal Code § 210.2(1)(b) cmt. 4 (Am. Law Inst. 1980)). Here, the "distinction between degrees of recklessness is critical." *United States v. Begay*, 33 F.4th 1081, 1094 (9th Cir.) (en banc), *cert. denied*, 214 L. Ed. 2d 153, 143 S. Ct. 340 (2022).

"The difference between that recklessness which displays depravity and such extreme and wanton disregard for human life as to constitute 'malice' and that recklessness that amounts only to manslaughter lies in the quality of awareness of the risk." *Baez-Martinez*, 950 F.3d at 127 (quoting *United States v. Dixon*, 419 F.2d 288, 292–93 (D.C. Cir. 1969) (Leventhal, J., concurring)). The Court agrees that a defendant who acts with extreme recklessness exhibits an awareness that his actions carry a much higher probability that injury to another will result. *See id.* Both this awareness of—and disregard of—a heightened risk of harm leads the Court to conclude that a defendant who commits an offense with extreme recklessness can fairly be said to have "use[d] . . . physical force against [a] person." § 16(a).

This conclusion also accords with the context and purpose of § 3559(f)(1) as well as common sense. Section 3559(f)(1) was enacted to enhance penalties for defendants who commit violent felonies against children. Nothing in the statutory text suggests Congress intended to

exempt defendants who committed second-degree murder against a child from this enhancement, and common sense confirms that a defendant who kills a child as a result of extreme recklessness should likewise be subjected to this heightened penalty scheme. *See Borden*, 141 S. Ct. at 1856 n.21 (J. Kavanaugh dissenting) (criticizing the plurality for straying from "the statutory text and basic common sense").

The question the Court addresses today is a novel question for the Tenth Circuit; however, other circuits have weighed in and likewise found that second-degree murder is a crime of violence. *See United States v. Begay*, 33 F.4th 1081 (9th Cir.), *cert. denied*, 143 S. Ct. 340 (2022) (en banc) (decided after *Borden*) (holding second-degree murder qualifies as a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)[2]); *Alvarado-Linares v. United States*, 44 F.4th 1334, 1345 (11th Cir. 2022) (decided after *Borden*) ("[W]e continue to hold that murder is a 'crime of violence' if it is defined as the unlawful killing of a human being with malice aforethought . . . . Because implied-malice murder, the most innocent conduct criminalized by Georgia's malice murder statute, requires a mental state greater than ordinary recklessness, malice murder is a crime of violence under Section 924(c)'s elements clause."); *United States v. Manley*, 52 F.4th 143, 151 (4th Cir. 2022) (decided after *Borden*) (holding an offense with a *mens rea* of extreme recklessness satisfies the *mens rea* of a "crime of violence" under § 924(c)); *United States v. Baez-Martinez*, 950 F.3d 119, 127 (1st Cir. 2020) (decided pre-*Borden*) (holding that a crime involving "heightened recklessness approaching knowledge" qualifies as a crime of violence under the ACCA's elements clause). Following the lead of the Ninth, Eleventh, Fourth, and First Circuits, the Court concludes second-degree murder is a crime of violence under § 16(a).

---

[2] The elements clause of § 924(c)(3) uses the exact same language as § 16(a).

**CONCLUSION**

The Court **DENIES** Defendant's Motion to Strike (**Doc. 149**) because second-degree murder is a crime of violence under § 16(a).


**SO ORDERED**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE